In the Matter of the Marriage of

Dollene Kay CRIMMINS,
*Petitioner-Respondent
Cross-Appellant,*
*and*

Allen Clark CRIMMINS,
*Respondent-Appellant
Cross-Respondent.*

Clackamas County Circuit Court
DR0208072; A158209

381 P3d 1051

Deanne L. Darling, Judge.

George W. Kelly argued the cause and filed the briefs for appellant-cross-respondent.

John Moore argued the cause for respondent-cross-appellant. With him on the brief were Jonathan H. Johnson and Moore Law Group, P.C.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## PER CURIAM

In this domestic relations case, husband appeals the trial court's supplemental judgment, which, on wife's motion, increased the amount and duration of wife's spousal support. Wife cross-appeals the trial court's denial of her request for attorney fees. We write only to address husband's claim regarding the spousal support modification; we reject, without written discussion, wife's claim regarding the denial of attorney fees.

The trial court increased wife's spousal support because it concluded that there had been a substantial decrease in wife's income between 2012, when the previous support judgment had been entered, and 2014, when the court held the hearing on wife's motion to modify the support. *See* ORS 107.135(3)(a) (authorizing modifications of support if there has been a "substantial change in economic circumstances"). On appeal, husband argues, among other things, that the trial court's conclusion that there had been a qualifying decrease in wife's income was based on factual findings that are not supported by the record. As explained below, because we conclude that the trial court's finding regarding wife's 2012 income is not supported by any evidence in the record and that finding affected the trial court's conclusion that there had been a substantial decrease in wife's income between 2012 and 2014, we reverse and remand.

We review the trial court's factual finding regarding wife's 2012 income to determine if it is supported by any evidence in the record. *See Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012) (a determination of a party's income is a factual determination).

The trial court found that wife's 2012 income was $2,017 per month. It based that finding on a Uniform Support Declaration (USD) that wife had filed in 2011, when she had requested a prior spousal support modification. On appeal, husband contends, and we agree, that the trial court erred in relying on the income amount in the 2011 USD to measure a change in wife's income because the undisputed evidence was that wife's income had decreased from 2011 to 2012; wife had reduced her work hours in 2012 and,

correspondingly, wife's own tax filings reflect that her 2012 income averaged $1,698 per month. Given the undisputed evidence that wife's income decreased from 2011 to 2012, there is no evidence in the record to support the trial court's use of the 2011 USD to establish wife's 2012 income.[1]

Because the trial court relied on wife's 2011 USD, it found wife's income was higher in 2012 than the record establishes. That finding affected the trial court's finding that there was a substantial decrease between 2012 and 2014. Consequently, we reverse and remand for a redetermination of whether there was a qualifying change in circumstances justifying a modification of spousal support.[2]

Reversed and remanded on appeal; affirmed on cross-appeal.

---

[1] In addition, we note that the trial court appears to have used the 2011 USD figure as representing earned income, but the 2011 USD figure also included wife's spousal support.

[2] Because we are remanding and the record may develop differently on remand, we decline to address husband's other challenges to the trial court's findings regarding wife's income.